JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DEREK JACKSON and AMANDA GARCIA, on behalf of themselves and all others similarly situated, and the general public,<br>Plaintiffs,<br><br>v.<br><br>MV TRANSPORTATION, INC., a California stock corporation; MV PUBLIC TRANSPORTATION, INC. a California stock corporation; WESTCATS, a California corporation, and DOES 1 through 50, inclusive,<br>Defendants. | 2:26-cv-04806-DSF-E<br><br>Order Remanding Case to Superior Court |

On May 4, 2026, Defendants MV Transportation, Inc. and MV Public Transportation, Inc. removed this case from Superior Court based on federal question jurisdiction. Dkt. 1 (NOR). On September 2, 2026, Plaintiffs moved for remand, Dkt. 24 (Mot. for Remand), however the Court struck Plaintiffs' Motion for Remand for failure to comply with the Local Rules, General Order and/or the Court's Case Management Order, Dkt. 32.[1] For the following reasons, the Court

[1] Although the Court struck Plaintiffs' Motion for Remand, it has nonetheless reviewed and considered the original Motion (which was immediately refiled),

remands this case *sua sponte* to the Superior Court, County of Los Angeles for lack of subject matter jurisdiction.

## I. Background

Plaintiffs bring a putative class action against Defendants MV Transportation, Inc., MV Public Transportation, Inc., and WestCats[2] for violations of the California Labor Code and California Business and Professions Code. Dkt. 1-1, Ex. B (Compl.). Defendant MV Public Transportation, Inc. and its subsidiary, Defendant MV Transportation, Inc. (collectively, MV), provide transportation services to cities, counties, municipalities, and other entities. Dkt. 1-2 (First Declaration of Heidi Heath).

Plaintiffs state that they worked for Defendants as non-exempt employees during the relevant and statutory periods.[3] Compl. at 6, ¶ 21.[4] Defendants state that they employed Plaintiff Amanda Garcia as a utility worker from December 9, 2019 to July 3, 2024. Heath Decl. ¶ 4. The parties do not indicate Derek Jackson's position or specific term of employment. Defendants initially stated that "[a]t all times during [her] employment, [Plaintiff] Garcia's terms and conditions of employment were covered by a [Collective Bargaining Agreement (CBA)] between MV and the [Labor] Union" representing MV's California employees, Teamers Local 572. First Declaration of Heidi Heath ¶¶ 3-4. This CBA was only in effect from January 1, 2024, Dkt.

---

as well as Defendants' Opposition to Plaintiffs' Motion, and Plaintiffs' Reply, in determining whether it has subject matter jurisdiction.

[2] According to MV, Defendant WestCats has not received a summons or Plaintiffs' complaint. Dkt. 1-1 (Decl. of Ronak Patel).

[3] Plaintiffs state that the relevant period for their claims is four years prior to the filing of the Complaint – May 4, 2021. Compl. at 3-4, ¶ 13.

[4] The numbering in Plaintiffs' Complaint restarts after paragraph 133. References to the Complaint prior to paragraph 133 therefore use both page and paragraph numbers. References to the Complaint after paragraph 133 use only page numbers.

22-2, Ex. 2 (Second CBA), however, and therefore covered only part of Garcia's employment. When Defendants submitted their Motion for Judgment on the Pleadings, they submitted the prior CBA with Teamsters Local 572, which was in effect from January 1, 2020 through December 31, 2023. Dkt. 22-2, Ex. 1 (First CBA); Dkt. 22-3 (Second Declaration of Heidi Heath).

Defendants assert that the Court has federal question jurisdiction over some of Plaintiffs' claims because they are preempted under § 301 of the Labor Management Relations Act (LMRA), 20 U.S.C. § 185, Dkt. 1 (NOR), and has supplemental jurisdiction over all other claims. NOR at 17. Plaintiffs filed a Motion for Remand, arguing that the Court must remand for lack of subject-matter jurisdiction because their claims do not meet the test for LMRA preemption. Dkt. 24 (Pl.'s Mot.); Dkt. 31 (Pl.'s Reply).

## II. Legal Standard

Courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006). Under 28 U.S.C. § 1447(c), a district court may remand a case *sua sponte* for lack of subject matter jurisdiction. See Kenny v. Wal-Mart Stores, Inc., 881 F.3d 786, 790 (9th Cir. 2018) ("subject matter jurisdiction is the touchstone for a district court's authority to remand *sua sponte*").

In their Notice of Removal, Defendants allege that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because a federal question exists under § 301 of the Labor Management Relations Act (LMRA). NOR at 2-3. This provision provides that "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. § 185(a). "Although § 301 contains no express language of preemption, the Supreme Court

has long interpreted the LMRA as authorizing federal courts to create a uniform body of federal common law to adjudicate disputes that arise out of labor contracts." Curtis v. Irwin Indus., Inc., 913 F.3d 1146, 1151 (9th Cir. 2019). "§ 301 has such 'extraordinary pre-emptive power' that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" Id. (emphasis omitted) (quoting Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 65 (1987)).

To determine if a claim is preempted by § 301, the Ninth Circuit applies a two-part test. See generally Burnside v. Kiewit Pac. Corp., 491 F.3d 1053, 1059-60 (9th Cir. 2007). First, courts ask whether the cause of action involves a right that exists solely as a result of the CBA. Curtis v. Irwin Indus., Inc., 913 F.3d 1146, 1152 (9th Cir. 2019). If the answer to that question is yes, the claim is preempted. Id. at 1153. If the answer to that question is no, the second part of the test asks "whether a state law right is "substantially dependent on analysis of [the CBA], which turns on whether the claim cannot be resolved by simply 'look[ing] to' versus 'interpreting' the CBA." Id. (quoting Kobold v. Good Samaritan Reg'l Med. Ctr., 832 F.3d 1024, 1033 (9th Cir. 2016)) (internal quotation marks). Notably, "the term 'interpret' is defined narrowly—it means something more than 'consider,' 'refer to,' or 'apply.'" Kobold, 832 F.3d at 1033 (quoting Balcorta v. Twentieth Century-Fox Film Corp., 208 F.3d 1102, 1108 (9th Cir. 2000)). A plaintiff with potential remedies under both state and federal law generally may avoid federal court jurisdiction by exclusive reliance on state law. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).

## III. Discussion

Defendants argue that Plaintiffs' claims are preempted under § 301 of the LMRA because of the CBA that was in force during Plaintiffs' employment. NOR at 3. Defendants assert that the Court has supplemental jurisdiction under 28 U.S.C. § 1367 over any claims the Court finds are not preempted. NOR at 17. The Court proceeds by considering each of Plaintiffs' claims and the arguments put forth for why they should be preempted.

### A. Failure to pay hourly and overtime wages in violation of California Labor Code §§ 223, 510, 1194, 1197 and 1198

Plaintiffs allege that Defendants required Plaintiffs to perform work-related tasks prior to clocking in, after clocking out, and during meal periods, and to answer text messages and phone calls outside of work hours, which resulted in Plaintiffs not being paid for all hours worked. Compl. at 14-17, ¶¶ 64-84. Plaintiffs also allege that this additional time qualified as overtime wages, which Defendants did not pay. Id.

Defendants argue that this claim is preempted under California Labor Code § 514, NOR at 11-12, which provides that §§ 510 and 511 of the Labor Code "do not apply to an employee covered by a valid collective bargaining agreement if the agreement expressly provides for the wages, hours of work, and working conditions of the employees, and if the agreement provides premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage," Cal. Lab. Code §§ 510-511. § 510 provides what constitutes a day's work and overtime, and it indicates when commuting is considered time worked. Cal. Lab. Code § 510. § 511 provides the circumstances for the adoption of an alternative workweek schedule and the conditions under such a schedule. Cal. Lab. Code § 510.

The exemption under § 514 does not apply here because the CBA in effect from January 1, 2020, through December 31, 2023, did not provide a regular hourly rate of pay of at least 30 percent more than the state minimum wage for many categories of employees. Second CBA at 21-22. District courts in California have come to different conclusions on whether this condition of the § 514 exemption applies to all employees covered by the CBA, only the plaintiff(s) bringing a claim, or something in between. See, e.g., Huerta v. Doubletree Emp. LLC, No. SACV 23-02433-CJC (ADSX), 2024 WL 890548 (C.D. Cal. Mar. 1, 2024) (finding that the 130% wage requirement in § 514 does not have to apply to all employees); see also Sachs v. Pankow Operating, Inc., No. 221CV08998ABADSX, 2022 WL 489696 (C.D. Cal. Feb. 16, 2022)

(finding the exemption in § 514 to apply because the wages for the vast majority of all employees covered by the CBA met the 130% requirement); Rodriguez v. USF Reddaway Inc., No. 2:22-CV-00210-TLN-DB, 2022 WL 18012518 (E.D. Cal. Dec. 30, 2022) (finding that even if the plaintiff's hourly wage did not meet the 130% requirement in § 514, preemption can still apply because the hourly wage has been met for other aggrieved employees); Huffman v. Pac. Gateway Concessions LLC, No. 19-CV-01791-PJH, 2019 WL 2563133, at *5 (N.D. Cal. June 21, 2019) (finding that the CBA must meet the 130% requirement of § 514 for all covered employees); Macias v. Mission Linen Supply, No. 522CV01942SSSSPX, 2023 WL 1963862 (C.D. Cal. Feb. 10, 2023) ("But for Section 514 to apply, the CBA must comply with the requirements of Section 514 for all employees covered by the CBA, not just some."); Radford v. Nexstar Broad., Inc., No. 24-CV-08118-RFL, 2025 WL 829601 (N.D. Cal. Mar. 14, 2025) (stating that the relevant CBA must meet § 514's requirements "with respect to all the employees it covers," not just all members of the putative class). This is not a matter that this Court must decide, however, because Plaintiff Garcia was a utility worker and under the prior CBA, utility workers were paid less than 130% of the minimum wage in 2020, 2021, and 2022. Therefore, the Court does not need to determine whether the hourly wage of all employees or only Plaintiffs must be 130% of the minimum wage. In either scenario, the prior CBA, which was in effect for part of the relevant period, does not meet the conditions required for the § 514 exemption to apply.

Other district courts have been faced with similar factual circumstances. In Tjoa v. THC – Orange County, LLC, the court held that the conditions of § 514 were not satisfied and there could be no preemption because the relevant CBA did not cover the entire class period and therefore "the overtime wages claim did not 'exist[] solely as a result of the CBA.'" No. 8:25-CV-02366-FWS-JDE, 2026 WL 458233, at *3 (C.D. Cal. Feb. 17, 2026) (quoting Curtis, 913 F.3d at 1151-54). In Ulloa v. Blackstone, the court faced the same situation as here. Two CBAs existed during the time of the plaintiff's employment but only the second CBA met the 130% wage threshold stipulated in § 514. No.

5:24-CV-01134-HDV-SKX, 2025 WL 306380, at *3-4 (C.D. Cal. Jan. 27, 2025). The court considered whether § 514 provides a basis for satisfying the first step of the test for LMRA preemption when a portion of the plaintiff's claim is governed by a CBA that fails to meet the premium pay threshold and found that it did not, stating that "Plaintiff's overtime claim cannot be said to arise 'solely' or 'purely' out of a CBA because for the earlier damages period the right arose out of California wage and hour law." Id. at *4. Defendants argue that the court in Oswald v. MV Transportation was faced with the same argument but came to a different conclusion. Opp'n at 15. However, this case is not helpful to them. There, the plaintiff argued that there could be no preemption because the relevant CBA did not apply to the putative class period. No. 25-CV-00696-AMO, 2026 WL 25841, at *4 (N.D. Cal. Jan. 5, 2026). The court rejected this argument, holding that because the CBA was in effect for the duration of the named plaintiff's employment, preemption was appropriate. Id. Here the second CBA was not in effect for the duration of Plaintiff Garcia's employment, so this case does not help Defendants' position.

Based on these cases and the principle that the CBA must be the only source of law for preemption under step one, Plaintiffs' overtime claims are not preempted under this step of the analysis. They are also not preempted under the second step of the preemption test, and Defendants do not contend otherwise.

### B. Failure to provide meal periods in violation of California Labor Code §§ 226.7, 512, 1174, and 1198, and § 11 of the applicable Industrial Welfare Commission Wage Order

Plaintiffs allege that Defendants failed to provide them with uninterrupted, duty-free meal periods of at least 30 minutes for each five hour period of work, and that Defendants failed to pay them premium wages when they worked for more than five hours without a meal period. Compl. at 9-12, ¶¶ 38-52.

Defendants say that the portion of this claim based on an alleged failure to timely pay wages in violation of Labor Code § 204 is

preempted under step one of the test for LMRA preemption because §204(c) applies. NOR at 15-16; Opp'n at 16-17. § 204 sets out the requirements for semi-monthly payments of wages and § 204(c) provides that "when employees are covered by a collective bargaining agreement that provides different pay arrangements, those arrangements shall apply to the covered employees." Cal. Lab. Code § 204. Defendants assert that because actions for penalties in violation of this statute brought under § 210 have only a one year statute of limitations under California code of Civil Procedure § 340, only the current CBA is relevant to this particular claim. Opp'n at 17. As the relevant provisions in both CBAs are almost identical, this matter is irrelevant to the analysis here.

The first issue to address is whether the CBAs provide for pay arrangements that differ from those contained in § 204. Both CBAs contain the following provision in Article 28: "A workweek begins at 12:00 am Saturday and shall end at 11:59 pm Friday. A pay shortage due to Company error more than one (1) day of pay in a workweek will be paid within 72 hours, excluding Saturday and Sunday, of the date the Company is notified by the employee, unless the Company and employee agree otherwise." First CBA at 22; Second CBA at 21. While Defendants assert that this indicates a different timing for wage payments from that contained in § 204, this is not the case because this provision defines only the workweek and the procedure for a pay shortage, not the timing of when wages are to be paid, as is stipulated in § 204. § 204(c) therefore does not apply and there can be no preemption under step one of the LMRA preemption test. Nor is there preemption under step two because there is no need even to refer to the CBA for this claim. Plaintiffs' claim that Defendants failed to timely pay wages is a by-product of their claim for unpaid wages: because Defendants failed to pay wages, they also necessarily failed to pay those wages in accordance with the timing requirements set out in § 204. There is no need to refer to the CBA to assess this claim.

Defendants argue that the remainder of Plaintiffs' meal period claim is preempted under the second step of the LMRA preemption test because resolution of Plaintiffs' alleged state law right is "substantially

dependent on analysis of the CBA," as required by Curtis. Opp'n at 17-20 (quoting Curtis, 913 F.3d at 1153); NOR at 12-13. Plaintiffs base their meal period claim on § 512 of the Labor Code, which provides that an employee is entitled to meal periods every five hours. § 226.7 of the Labor Code states that where this is not provided, the employer must pay the employee an additional hour of pay at the employee's regular rate of compensation. Section 11(c) of the applicable wage order provides the following:

> Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an 'on duty' meal period and counted as time worked. An 'on duty' meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time.

Cal. Dept. of Indus. Relations, Indus. Welfare Comm'n Order No. 9 2001, § 11 (2001).

The provision of the CBAs that Defendants argue is relevant to resolve Plaintiffs' claims is similar to this provision of the applicable wage order:

> When an employee's route, schedule or assigned work for the day requires more than six (6) hours of work and, in the sole judgement (sic) of the Company, the nature of the work prevents the employee from being relieved of all duty for at least a thirty (30) minute meal period, the Union and the Company agree that the employee shall be provided an on-duty meal period that will be paid by Company.

First CBA at 16-17; Second CBA at 16-17.

Defendants argue that for a court to assess Plaintiffs' claims, it would need to interpret the terms in this CBA provision, specifically

"what constitutes 'the nature of the work,' how the Company's 'sole judgment' is exercised, and whether particular operational conditions fall within the scope of the negotiated on-duty meal period provision." NOR at 13. However, for a claim to be preempted at the second step of the LMRA preemption test, there must be "an active dispute over 'the meaning of contract terms,'" Alaska Airlines Inc. v. Schurke, 898 F.3d 904, 921 (9th Cir. 2018) (quoting Livadas v. Bradshaw, 512 U.S. 107, 124 (1994)), and Defendants fail to show that an active dispute exists here. This provision in the CBAs explicitly provides that the Company has the sole judgment to determine when the employee's work prevents a duty-free meal period. There is no need to interpret how the Company's judgment is exercised, including in determining that the nature of the work demands an on-duty meal period. The court would simply have to read and apply this provision of the CBA, rather than engage in an exercise of interpretation. The matter is factual—whether the Company determined that the employee's work prevented the employee from being relieved of all duty for their meal period—and does not induce questions about the CBA that are not appropriate for state courts to consider. See Curtis, 913 F.3d at 1153 ("a state law claim may avoid preemption if it does not raise questions about the scope, meaning, or application of the CBA"); see also Alaska Airlines Inc., 898 F.3d at 927 (finding that the need to review the CBA for purposes of the plaintiff's right to use banked vacation days as sick leave did not require interpretation of the CBA sufficient to lead to preemption under the Railway Labor Act, which functions the same as the LMRA for preemption purposes, even though the plaintiff's claim "relie[d] on the terms and conditions of employment established by the CBA"). Furthermore, the "nature of the work" phrase contained in the CBA provision is also contained in the applicable wage order and is thus not specific to the CBA. The Court would have no need to look to the CBA to understand this phrase.

It is also worth noting that if the CBA provision provides something less than what exists under state law, it is invalid. As the Supreme Court has stated, "§ 301 cannot be read broadly to pre-empt nonnegotiable rights conferred on individual employees as a matter of

state law." Livadas, 512 U.S. at 123; see also Balcorta, 208 F.3d at 1111 ("§ 301 does not permit parties to waive, in a collective bargaining agreement, nonnegotiable state rights"); Valles v. Ivy Hill Corp., 410 F.3d 1071, 1081-82 (9th Cir. 2005) (holding that the Labor Code provisions and wage order at issue were "designed to protect individual employees," and could not be waived by the applicable CBA); Burnside, 491 F.3d at 1069 (referring to "the Supreme Court's view that a unionized employee cannot be deprived of the full protections afforded by state law simply by virtue of the fact that her union has entered into a CBA").

Because Plaintiffs' meal period claim can be resolved without interpreting the CBAs, there is no preemption under step two of the LMRA preemption test.

### C. Failure to provide rest periods in violation of California Labor Code §§ 204, 223, 226.7, and 1198

Plaintiffs allege that Defendants did not provide them with ten minutes of uninterrupted rest per four hours of work and failed to pay Plaintiffs additional premium wages when the required rest periods were not provided. Comply. at 12-13, ¶¶ 53-63. Defendants address this claim together with Plaintiffs' meal period claim, arguing that to the extent it concerns timely wage payments, it should be preempted under § 204(c) and the remainder of the claim should be preempted under step two of the LMRA preemption test. NOR at 14-16.

For the same reason as stated above, the exemption under § 204(c) does not apply here. There is also no preemption under step two of the LMRA preemption test. Article 19, § 2 of the CBAs provides that employees "shall be entitled to take a ten (10) minute rest period during each four (4) hour block of work, or major fraction thereof," and that rest break "may include periods when the employee is on their route, but the employee is not required to operate or remain in the vehicle." First CBA at 16-17; Second CBA at 16-17. According to Defendants, "[a]djudicating whether a rest break violation occurred under this provision necessarily requires interpretation of what it

means to 'operate' or 'remain in' the vehicle and how those terms apply to actual working conditions in the field." NOR at 14. However, these are unambiguous terms and courts have rejected similar arguments made by defendants under step two of the preemption analysis. See McCray v. Marriott Hotel Servs., Inc., 902 F.3d 1005, 1012 (9th Cir. 2018) (referring to the court's finding in Kobold that "reading and applying relevant, unambiguous provisions of the CBA required the court to only 'look to,' rather than 'interpret,' the agreement" and applying the same principle to the facts of the case). There is no preemption of Plaintiffs' rest period claims.

### D. Plaintiffs' wage statement, timely final wage, and unfair competition claims

Defendants argue that three of Plaintiffs' claims are derivative of Plaintiffs' other claims and should therefore be preempted: that Defendants (1) failed to provide accurate written wage statements in violation of Labor Code § 226, (2) failed to timely pay all final wages in violation of California Labor Code §§ 201-203, and (3) engaged in unfair competition in violation of Business and Professions Code § 17200 et seq. NOR at 16. These claims are not preempted because the claims on which they are based are not preempted. See Reese v. MV Pub. Transportation, Inc., No. 2:25-CV-10791-DSF-E, 2026 WL 1733868, at *6 (C.D. Cal. May 28, 2026) (rejecting preemption of derivative claims because some of the claims on which they were based were not preempted and the claims did not satisfy either step of the preemption test on their own).

### E. Plaintiffs' PAGA claim

Plaintiffs bring a PAGA claim against Defendants for their alleged violations of Labor Code §§ 201, 202, 203, 204, 226.7, 226(a), 510, 512, 1174, 1194, 1194.2, 1197, 1197.1, 1198, and 2802. Compl. at 25. This claim is derivative of Plaintiffs' other claims and therefore whether it is preempted depends on whether Plaintiffs' other claims are preempted. See Curtis, 913 F.3d at 1150, fn. 3 (stating that Plaintiffs' PAGA claim, among others, "[could] succeed only if Curtis prevail[ed]

on his claims that Irwin violated California labor law"); see also Radcliff v. San Diego Gas & Elec. Co., 519 F. Supp. 3d 743, 748-52 (S.D. Cal. 2021) (finding that plaintiff's PAGA claims were preempted because they were based on his preempted overtime and meal period claims). Since none of Plaintiffs' other claims are preempted, Plaintiffs' PAGA claim is likewise not preempted.

### F. Supplemental jurisdiction

Defendants argue that the Court has supplemental jurisdiction over any of Plaintiffs' claims that the Court finds should not be preempted, as well as Plaintiffs' failure to indemnify claim, which Defendants do not otherwise address. NOR at 17. Because the Court has not found that any of Plaintiffs' claims satisfy the requirements for preemption, there is no basis for supplemental jurisdiction over these remaining claims. See Martinez v. Omni Hotels Mgmt. Corp., 514 F. Supp. 3d 1227, 1242 (S.D. Cal. 2021) (declining to exercise supplemental jurisdiction over remaining claims after finding that plaintiffs' other claims were not preempted by the LMRA).

## IV. Conclusion

The Court finds that none of Plaintiffs' claims are preempted under § 301 of the LMRA. The matter is therefore REMANDED to the Superior Court of California, County of Los Angeles.

IT IS SO ORDERED.

Date: October 5, 2026

Dale S. Fischer
United States District Judge